PEOPLE ex rel. McDERMOTT v. ROOSEVELT et al., Board of Police.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

MUNICIPAL CORPORATIONS—POLICE BOARD—DISMISSAL OF OFFICER.

    The action of the board of police dismissing a policeman should be based on competent evidence; and hearsay testimony, not under oath, consisting of a statement said to have been made by a burglar, is insufficient.

Certiorari by James McDermott against Theodore Roosevelt and others, composing the board of police, to review the action of the board in dismissing relator from the police force. Relator reinstated.

    The specification was that the relator "failed to prevent or discover a burglary at 131 Wooster street, occupied by George Verhaeren as a restaurant and liquor store; the side glass in the basement being broken, and 6,000 cigars taken therefrom, valued at $600, during his tour of patrol duty from 12 midnight to 6 a. m., December 23, 1895." Having been served with the charges, the relator appeared and was tried, and at the same time four other patrolmen were tried on the same charges. No witnesses were sworn. In addition to the statement of the owner of the premises and his bartender that a light was burning in the saloon on the night of the burglary, and that, in order to see a break in the glass, a person would be obliged to go down the stairs leading to the store in question, the only other testimony was that of the acting captain, who said: "Since I preferred those charges against the officers I have arrested the persons who committed the burglary, and found out the exact time the burglary was committed. It was committed at 12 o'clock at night, and that would leave only Officers McDermott and Burns responsible. * * * The burglary was committed at 12 o'clock Monday night. * * * By the Commissioner: How are the others let out? A. Nobody on post but McDermott from 12 to 6, and Burns from 6 to 8, because the burglar told me the exact time that he committed the burglary,—at 12 o'clock; and Officer McDermott went on at 12 o'clock and stayed to 6, and Burns went on at 6 and stayed to 8. Q. The burglary was committed at about 12 o'clock on the night of Saturday? A. Yes." Rule 197 of the police department provides: "Such pertinent testimony as shall be offered for or against the accused shall be, except in trivial cases, taken on oath."

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

David Leventritt, for appellant.
Theodore Connoly, for respondents.

O'BRIEN, J. Apart from the question as to the error assigned that the relator was dismissed after a trial in which the witnesses were not sworn, in violation of rule 197 of the department, it has been repeatedly held that the court is bound to inquire whether there was any competent proof of all the essential facts to justify the dismissal. The relator was dismissed, not because by dereliction he had failed to prevent the burglary, but because he had failed to discover it after it was committed. One of the essential facts to be proved was the time when the burglary was committed, this being necessary to determine which of the patrolmen among the five summoned to answer to the charge was guilty. The only testimony on this point was that of the acting captain, who stated that he had received his information from the burglar. Not only is this hearsay, but the captain was in doubt as to the exact infor-

mation he had received, because, as his testimony shows, he stated in one place that the burglary was committed at 12 o'clock Monday night, and subsequently, when asked by the commissioner if it was committed about 12 o'clock on the night of Saturday, he answered, "Yes;" so that we are left in doubt as to whether the burglar told him it was Saturday or Monday night when the burglary was committed, and, as Sunday intervened, there is just as reliable testimony for inferring that it might have been committed on that night.   Apart, therefore, from the error assigned as to the failure to comply with the rule of the department as to swearing the witnesses,—which we do not now pass upon,—we think there was no competent evidence of one of the essential facts necessary to be established.   And where, as here, the judgment would deprive the relator of his position on the force, it should be supported by competent and satisfactory evidence.   As that was absent in this case, the proceedings must be annulled, and the relator reinstated, with $50 costs and disbursements.   All concur.